**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:07CV62-3-T
[1:05CR2-T]**

| | | |
|---|---|---|
| **FRANCISCO SANCHEZ MONTERO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to
vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  For
the reasons stated herein, the Petitioner's motion is denied.


## I.  PROCEDURAL HISTORY

On January 26, 2005, Petitioner was charged in a one-count
indictment with possession with intent to distribute a quantity of
methamphetamine in violation of 21 U.S.C. § 841.  **Bill of Indictment,
filed January 26, 2005.**  On April 25, 2005, the Petitioner and the
Government entered into a plea agreement wherein the Petitioner agreed

to plead guilty to the charge contained in the indictment.  **Plea Agreement, filed April 25, 2005.**  The Petitioner and the Government agreed and stipulated that his base offense level for Count One would be 36.  ***Id*. at 2.** On April 25, 2005, the Petitioner and his attorney attended a Rule 11 hearing before the Magistrate Judge at which time the Petitioner formally entered his guilty plea.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed April 27, 2005.**  At that hearing, the Magistrate Judge engaged the Petitioner in the standard, lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered.  *Id*.  The Court asked the Government to summarize the essential terms of the Plea Agreement which included the waiver of his right to appeal his conviction and/or sentence and the right to contest his conviction or sentence in any post-conviction proceeding, including a motion pursuant § 2255, except on the grounds of prosecutorial misconduct and/or ineffective assistance of counsel.  The Court then specifically asked Petitioner whether he understood the terms of the Plea Agreement as recited by the Government and whether he had enough time to discuss the agreement with his attorney.  ***Id*. at 9.**  Petitioner answered in the affirmative that he did understand the terms of the Plea Agreement and he had received enough

time to discuss the terms of the agreement with his attorney.  *Id*.  The Court also confirmed that Petitioner had not been threatened or forced to sign the agreement, that no one had made promises of leniency to him, and that he was satisfied with the services of his attorney.  *Id*. **at 8.**  The Court then determined that the Petitioner's guilty plea was knowingly and freely made and that he understood the charges, potential penalties, and consequences of the plea.  *Id*. **at 10**.

On March 30, 2006, this Court sentenced Petitioner to 120 months imprisonment followed by five years of supervised release.  Petitioner appealed his conviction and sentence; the Fourth Circuit Court of Appeals affirmed Petitioner's judgment and conviction in an unpublished opinion on January 25, 2007.  ***United States v. Sanchez-Montero*, 2007 WL 186775 (4th Cir. 2007).**   Petitioner did not petition the United States Supreme Court for a *writ of certiorari* but, instead, filed the instant motion to vacate on February 15, 2007, alleging that his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest; his guilty plea was unlawfully induced; and he was denied effective assistance of counsel because his attorney advised Petitioner that he had an agreement with the prosecutor in which Petitioner could receive 7 to 8 years imprisonment.

## II.  STANDARD OF REVIEW

_____Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.  In the event it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed the Petitioner's motion and the record of criminal proceedings.  The Court finds that such review clearly establishes the Petitioner is not entitled to any relief on his claims.

## III.  ANALYSIS

First, Petitioner claims that his conviction was obtained by the use of illegally obtained evidence and that his guilty plea was unlawful because the federal agents involved in his case told him that he could get less time if he cooperated.

In the plea agreement, signed by the Petitioner, his attorney, and counsel for the Government, Petitioner specifically agreed to waive his right to challenge his sentence or conviction in any post-conviction proceeding, including one pursuant to § 2255, except for claims of ineffective assistance of counsel, prosecutorial misconduct, a challenge to a sentence in contravention of an explicit stipulation contained in the plea agreement, or a claim based upon an unexpected sentencing issue that had been certified for appeal by the sentencing judge. **Plea Agreement, *supra*, at 4**. At his Rule 11 hearing, Petitioner swore under oath[1] that, among other things, he understood that he was waiving his right to challenge his sentence or conviction in a post-conviction proceeding.

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights. ***See, e.g. United States v. Blick*, 408 F.3d 162, 172 (4th Cir. 2005); *United States v. General*, 278 F.3d 389, 399-401 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399,**

---

[1] In accordance with the law, this Court has placed great weight on the Petitioner's representations at his Rule 11 Hearing. ***See, Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, "constitute a formidable barrier in any subsequent collateral proceedings").**

**402-06 (4ᵗʰ Cir. 2000);** ***United States v. Brock*, 211 F.3d 88, 92 n.6 (4ᵗʰ Cir. 2000);** ***United States v. Marin*, 961 F.2d 493, 496 (4ᵗʰ Cir. 1992);** ***United States v. Davis*, 954 F.2d 182, 185-86 (4ᵗʰ Cir. 1992);** ***United States v. Wessels*, 936 F.2d 165 (4ᵗʰ Cir. 1991);** ***United States v. Wiggins*, 905 F.2d 51, 52-54 (4ᵗʰ Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial).** Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that in a plea agreement, a defendant may waive his rights to pursue post-conviction relief under § 2255 attacking his conviction and sentence. ***United States v. Lemaster*, 403 F.3d 216 (4ᵗʰ Cir. 2005).** Therefore, the Court concludes that the waiver provision contained in the plea agreement is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge his conviction and sentence on his first two claims.

Even if Petitioner had not waived his rights to raise these claims in a § 2255 proceeding, he has procedurally defaulted these claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. ***See Bousley v. United States*, 523 U.S. 614, 621-22 (1998)**

**(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal).** A review of the record reveals that Petitioner filed a direct appeal and his counsel filed an *Anders*[2] brief. Petitioner then filed a supplemental *pro se* brief in which he raised an issue related to the drug type charged in the Indictment.

Petitioner does not sufficiently allege any basis for finding that cause and prejudice exists to excuse his procedural default, nor does he allege that he is actually innocent. Accordingly, his failure to raise these claims on direct review has resulted in their being procedurally defaulted. *Id.*

As his last claim for relief, Petitioner claims that he received ineffective assistance of counsel due to the fact that his attorney told him that he had an agreement with the prosecutor in which Petitioner could get 7 to 8 years; however, when he appeared before the undersigned for sentencing, the Court imposed a 10-year term of imprisonment.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. ***Strickland v.***

---

[2] ***Anders v. California***, 386 U.S. 738 (1967).

***Washington***, **466 U.S. 687-91 (1984).** In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689; *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4ᵗʰ Cir. 1985); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4ᵗʰ Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4ᵗʰ Cir. 1977).**

Under these circumstances, the petitioner "bears the burden of proving *Strickland* prejudice." ***Fields*, 956 F.2d at 1297 (citing *Hutchins*, supra).** If the petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." ***Id.* (citing *Strickland*, 466 U.S. at 697).**

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. ***Sexton v. French*, 163 F.3d 874, 882 (4ᵗʰ Cir. 1998).** Rather, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" ***Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).**

More critically here, a petitioner who alleges ineffective assistance of counsel following entry of a guilty plea must meet an even higher burden. *See Hill v. Lockhart*, **474 U.S. 52, 53-57 (1985);** *Fields, supra,* **at 1294-99;** *Hooper v. Garraghty*, **845 F.2d 471, 475 (4th Cir. 1988).** The Fourth Circuit has described a petitioner's additional burden in a post-guilty plea of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [*Strickland*] test is slightly modified. [The Petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hooper, supra*, **at 475 (quoting** *Hill, supra*, **at 59);** *accord, Fields, supra*, **at 1297.**

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." *Fields*, **at 1299 (citing** *Blackledge v. Allison*, **431 U.S. 63, 74-75 (1977)).** Moreover, statements made during Rule 11 proceedings constitute strong evidence of the voluntariness of a defendant's plea. *United States v. DeFusco*, **949 F.2d 114, 119 (4th Cir. 1991).**

A presumption exists that counsel is competent.  A defendant seeking post-conviction relief bears a heavy burden to overcome this presumption and cannot do so by merely presenting conclusory allegations.  ***Carpenter v. United States*, 720 F.2d 546 (8th Cir. 1983).** Indeed, the defendant bears an even heavier burden where, as here, the claim of ineffective assistance of counsel follows the entry of a guilty plea.

Petitioner's claim of ineffective assistance of counsel is belied by the record in this case.  Petitioner signed a plea agreement which specifically stated the statutory minimum and maximum sentence for the offense to which he pled guilty was at least 10 years and up to life imprisonment. **Plea Agreement, *supra*, at 1.**  Petitioner also stipulated to a base offense level of 36.  ***Id*. at 2.**  Moreover, the plea agreement specifically stated, and by signing the plea agreement the Petitioner agreed, that the Court had not yet determined the sentence and that "*any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count*."  ***Id*. at 1.**  At the Rule 11 hearing, the Petitioner was specifically advised by the Magistrate Judge of the minimum and maximum punishment for the offense to which

he pled guilty and he specifically stated that he understood those penalties; that he discussed with his attorney how the Guidelines might apply to his case; and that he understood that, in some circumstances, the Court had the authority to impose a sentence that is more or less restrictive than the sentence called for by the Guidelines. **Rule 11 Inquiry,** *supra***, at 4, 6.** Furthermore, Petitioner stated that he understood that he would be bound by his plea agreement even if his sentence was harsher that expected. *Id***. at 9.** Petitioner also specifically stated that he was satisfied with the services of his attorney. *Id***. at 8.**

The Court has reviewed Petitioner's plea agreement as well as his responses to questions asked by the Court during the Rule 11 hearing and is convinced that Petitioner's counsel was not ineffective. Furthermore, Petitioner has not established either prong of the *Strickland* test. Although counsel may have discussed the possibility of a lesser sentence if Petitioner were to cooperate with the Government, which is not uncommon in drug cases, the plea agreement and the transcript of the Rule 11 Inquiry make it clear that Petitioner was advised of and understood the penalties he faced and that the ultimate sentence would be determined by the Court. Indeed, Petitioner's plea agreement states that "any estimate from any

source, including defense counsel, . . . is a prediction rather than a promise[.]" **Plea Agreement , *supra*, at 1.** Therefore, Petitioner has not established that his counsel was ineffective. Because Petitioner has failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

The Court finds, upon initial review of the Petitioner's § 2255 motion and the relevant record evidence, that Petitioner is not entitled to review of first two claims as he has waived his right to seek collateral review of such claims in his plea agreement and, in the alternative, the claims contained in his motion are procedurally barred. The Court further finds that Petitioner's claim that his counsel was ineffective because he allegedly advised the Petitioner that he had an agreement with the prosecutor in which Petitioner could receive 7 to 8 years imprisonment is completely belied by the record, especially the plea agreement and the Rule 11 Inquiry. Therefore, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Petitioner's motion will be denied.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED.**  A Judgment dismissing this action is filed herewith.

Signed: May 15, 2007

Lacy H. Thornburg
United States District Judge